Ann McLAUGHLIN, Secretary of Labor, United States Department of Labor, Plaintiff, Appellee,

v.

HOGAR SAN JOSE, INC., et al., Defendants, Appellants.

Ann McLAUGHLIN, Secretary of Labor, United States Department of Labor, Plaintiff, Appellant,

v.

HOGAR SAN JOSE, INC., et al., Defendants, Appellees.

Nos. 88–1565, 88–1566.

United States Court of Appeals, First Circuit.

Heard Oct. 31, 1988.

Decided Jan. 10, 1989.

---

Before CAMPBELL, Chief Judge, COFFIN and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

We have before us cross-appeals from an award of back pay and interest in the amount of $39,655.77 to six employees. This action was brought by the Secretary of Labor (Secretary) against Hogar San Jose, Inc. (Employer) and Paulina Maldonado de Alsina (Maldonado), to enforce the minimum wage, overtime, and record keeping provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* The Secretary appeals from the decision of the district court denying liquidated damages pursuant to 29 U.S.C. § 216(b),[1] and the Employer challenges the amount of damages awarded. We affirm the decision of the district court on both grounds.

*The Secretary's Appeal*

Although as originally enacted the FLSA mandated liquidated damages upon a finding of violation of Sections 206 or 207, *see Overnight Motor Transportation Co. v. Missel,* 316 U.S. 572, 583–84, 62 S.Ct. 1216, 1222–23, 86 L.Ed. 1682 (1942), this was changed in 1947 with the approval of Section 11 of the Portal–to–Portal Act, 29 U.S.C. § 260. This provision establishes that

> In any action ... to recover unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act ..., if the employer shows to the satisfaction of the Court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act ..., the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

Katherine Waldbauer, with whom George R. Salem, Sol. of Labor, Monica Gallagher, Associate Sol., Linda Jan S. Pack and Patricia M. Rodenhausen, Regional Sol., Washington, D.C., were on briefs, for plaintiff, appellee.

Erick E. Kolthoff–Benners, San Juan, P.R., for defendants, appellants.

1. 29 U.S.C. § 216(b) states:
   Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in additional equal amount as liquidated damages ...

Pursuant to this provision, the district court ruled that it was "satisfied from the evidence presented by the defendants that the act or omission giving rise to the action was in good faith and that they had reasonable grounds for believing that this act or omission was not a violation of the [FLSA]." It thus refused to impose liquidated damages, exercising the discretion granted by Section 11.

Although couched in different terms, the substance of the Secretary's appeal is a challenge to the exercise of this discretion by the district court. This, of course, is an uphill battle as Congress has in unambiguous language expressly granted the primary decisional power in this respect to the district court, not to the Secretary or the courts of appeal. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 308 (7th Cir.1986); *Bullock v. Pizza Hut, Inc.*, 429 F.Supp. 424, 431 (M.D.La.1977).

To find an abuse of discretion is particularly difficult when considering the findings of the district court in the light of the proscriptions of Federal Rule of Civil Procedure 52(a).[2] *See Anderson v. Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985) ("Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous."). The district court's findings of good faith and reasonable grounds are mixed questions of law and fact, which are subject to the strict standard of review of Rule 52(a). *Curley v. Mobil Oil Corp.*, 860 F.2d 1129 (1st Cir.1988) (mixed questions of law and fact should be reviewed under the clearly erroneous standard); *Fortin v. Commissioner of the Massachusetts Dept. of Public Welfare*, 692 F.2d 790, 794 (1st Cir.1982) (same).

It would have been more helpful to our review of this case if the district court had made more detailed findings regarding good faith and reasonableness of conduct. However, the afore-quoted part of the district court opinion, *ante* at 14, is sufficient to meet Rule 52(a) requirements, as the trial judge need only make brief, definite, pertinent findings and conclusions upon a contested matter, and there is no necessity for over-elaboration of detail or particularization of facts. *United States v. Crescent Amusement Co.*, 323 U.S. 173, 65 S.Ct. 254, 89 L.Ed. 160 (1944); *United States v. Forness*, 125 F.2d 928 (2d Cir.), *cert. denied*, 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764 (1942).

Looking to the record we find that there is sufficient evidence to support the findings of the trial court. The Employer is a small, non-profit corporation that runs a home for the aged. Maldonado took over its management to help pay the rent for the property on which the home was operated. Maldonado had no prior experience in these matters and sought the advice of the Puerto Rico Department of Labor. This agency sent a functionary who provided written materials and oral advice, leading her to erroneously conclude that the home's activities were not covered by the FLSA because, she wrongly understood, it was not in interstate commerce. The official specifically told her that the home was covered by Puerto Rican wage and hour legislation and thereafter she acted on this belief. Although she also failed to comply fully with Puerto Rican law, this fact does not necessarily indicate that she did not act in good faith and reasonably with respect to the FLSA violations.

That the Secretary or this Court might have ruled differently on the above evidence is also irrelevant, given the district court's statutory discretion and the "clearly erroneous" standard. All that we must decide is whether the above evidence is reasonably sufficient to support the conclusions of the district court as a matter of law. We do not conclude otherwise and thus affirm the district court.

*The Employer's appeal*

What is sauce for the goose is also sauce for the gander. The Employer's ap-

**2.** Rule 52(a), Fed.R.Civ.P.:
   ... Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses ...

peal is even more clearly a challenge to the district court's findings of fact. We have carefully reviewed the record and find that these findings are fully supported. No further discussion is required and thus we also affirm the district court in this respect.

*Conclusion*

The judgment of the district court is *affirmed* in all respects. Both appeals are dismissed.

No costs.